IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RAMON DEWAYNE
EASTMAN, SR.                                                                                          PLAINTIFF

v.                                          Case No. 6:23-cv-06100

ABIGAIL R. MALOCH,
Administrative Review Officer,
Omega Center, Arkansas Community
Correction; WARDEN WHITE, Security,
Omega Center; MAJOR MACLOR OTTS,
Security, Omega Center; and DIRECTOR
SYRNA BOWERS, Residential Services,
Arkansas Community Correction                                                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation ("R&R") filed October 17, 2023, by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas.  (ECF No. 8).  Plaintiff Ramon Dewayne Eastman, Sr. ("Plaintiff") has objected.  (ECF No. 9).  The Court finds the matter ripe for consideration.

### I.   BACKGROUND

On September 12, 2023, Plaintiff filed his Complaint.  (ECF No. 1).  On September 28, 2023, Plaintiff filed an Amended Complaint.  (ECF No. 7).  The Amended Complaint alleges that from July 2, 2023, to August 3, 2023, Plaintiff was placed in segregation and denied recreation time.  (ECF No. 7, at 4).  Plaintiff asserts that because of this segregation and denial of recreation time he "started hearing voices calling [his] name."  (ECF No. 7, at 6).  Plaintiff also alleges that Defendant Abigail R. Maloch ("Defendant Maloch") informed him that because of the short-term nature of the facility, recreation time was not required for those held in segregation.  (ECF No.

6).  Plaintiff asserts that Defendants Maclor Otss ("Defendant Otts"), Warden White ("Defendant White"), and Syrna Bowers ("Defendant Bowers") instructed Defendant Maloch to deny Plaintiff recreation time.  (ECF No. 7, at 4).  Plaintiff alleges that this was a violation of his Eighth and Fourteenth Amendment rights, and that it violated the Federal Bureau of Prisons for Arkansas's policies pursuant to 28 C.F.R. § 551.115.  (ECF No. 7, at 4-5).  Plaintiff brings claims against Defendants in their individual and official capacities.  (ECF No. 8, at 2).  Further, Plaintiff requests that he be awarded compensatory and punitive damages in the amount of $5,500.00 for pain, suffering, and mental issues, and reimbursement of all filing fees.  (ECF No. 8, at 2).

On October 17, 2023, Judge Comstock filed the instant R&R.  (ECF No. 8).  Judge Comstock recommends that Plaintiff's case be dismissed for failure to state a claim upon which relief may be granted.  (ECF No. 8, at 5).  Judge Comstock recommends that the Court find Plaintiff's allegation of thirty-one (31) days without recreation time as insufficient to establish deliberate indifference to Plaintiff's exercise needs.  (ECF No. 8, at 5).  Additionally, Judge Comstock notes that Plaintiff has failed to allege any compensable physical injury.  (ECF No. 8, at 5).

On November 1, 2023, Plaintiff filed his objections.  (ECF No. 9).  Plaintiff argues that Defendants' deliberate indifference and denial of recreational time have led to Plaintiff's medical conditions of "neoplasm, tumors, [and] pol[y]ps in [the] bladder."  (ECF No. 9, at 2).  Further, Plaintiff raises for the first time that Defendant Maloch failed to allow him sufficient time to read a form and then "snatched the form [and] nearly slam[ed] [his] hand in [a] door trap." (ECF No. 9, at 3).

## II. STANDARD OF REVIEW

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the Plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where Plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*,

3

No. 20-cv-4, 2021 WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that *de novo* review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)).  The Court will review Judge Comstock's findings *de novo*.

### III.  DISCUSSION

On an initial note, the Court agrees with Judge Comstock that Plaintiff's allegation that he was denied recreation time should be analyzed as a conditions of confinement claim under the Eighth Amendment.  Further, as Judge Comstock pointed out, Plaintiff is a convicted felon despite his self-identification as a pretrial detainee in his Amended Complaint.[1]  (ECF No. 7, at 2).  Plaintiff's Amended Complaint revolves around events that took place during his incarceration at Omega Supervision Sanction Center which deals with probation violations and parole conditions.  (ECF No. 7, at 4).  Thus, review of Plaintiff's claim under the Eighth Amendment is proper.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998).  The Eighth Amendment prohibits the imposition of cruel and unusual punishment.  U.S. Const. amend. VIII; *see also Hutto v. Finney*, 437 U.S. 678, 685 (1978).  As it relates to the treatment of prisoners, the Supreme Court has distinguished between two different types of conduct: (1) conduct that is part of the formal punishment imposed for a crime and (2) conduct that does not purport to be punishment, including the conditions of confinement, medical care, and restoration of control over inmates.  *See Wilson v. Seiter*, 501 U.S. 294, 297-303 (1991).  As to the latter, the Supreme Court has taken the position that harsh conditions and rough disciplinary treatment are part of the

---

[1] Available at https://caseinfo.arcourts.gov/opad/case/26CR-20-54, last accessed April 29, 2025.

price that a convict must pay for his or her offenses against society. *See Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). However, although the Constitution does not mandate comfortable prisons, it also does not permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation, and the injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). "The defendants' conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendants' conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id*. (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*.

A constitutional violation exists if Defendants were deliberately indifferent to Plaintiff's exercise needs. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Id*. Courts reviewing an inmate's lack of exercise claim should consider factors

such as: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement. *Id.* Lastly, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

Plaintiff has alleged that he was confined for thirty-one (31) days without access to recreational time and that this, in essence, has led to cancerous growths forming in and on his body. However, the Court finds such a proposition—that no access to recreational time for thirty-one (31) caused him to develop cancer—to be unpersuasive. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Further, the Court agrees with Judge Comstock that Plaintiff has failed to allege any other compensable physical injury, such as muscle atrophy, or other injury. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . ."). Thus, the Court finds that Plaintiff has failed to show any compensable physical injury as required to state an Eighth Amendment violation.[2]

Additionally, thirty-one (31) days without recreational time is an insufficient amount of time to show deliberate indifference to Plaintiff's exercise needs. *See Phillips v. Norris,* 320 F.3d

---

[2] Plaintiff's allegation that Defendant Maloch *nearly* slammed his hand in the "door trap" also fails to show physical injury. (ECF No. 9, at 3).

6

844, 847 (8th Cir. 2003) (finding that thirty-seven (37) days without exercise privileges was insufficient to violate the Eighth Amendment); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (finding that twenty-eight (28) days was insufficient to violate the Eighth Amendment); *see also Rahman X v. Morgan*, 300 F.3d 970 (8th Cir. 2002) (finding that a three month denial of exercise was insufficient to violate the Eighth Amendment). Thus, the Court finds that thirty-one (31) days without recreational time is insufficient to show deliberate indifference under the Eighth Amendment.[3]

## IV. CONCLUSION

Upon *de novo* review, the Court hereby adopts the R&R (ECF No. 8) *in toto*. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(b)(1) and that Plaintiff's case should be and hereby is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(b)(1), and thus the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**IT IS SO ORDERED**, this 12th day of May, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] Plaintiff's argument that Defendant Maloch showed deliberate indifference during a singular meeting by rushing him to sign a form without providing him time to fully read it and then "snatching" it away from him, also fails to show deliberate indifference. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) ("Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.") (internal quotation marks and citation omitted).